08-2156-ag, 09-1122-ag
Weng v. Holder

BIA
Gordon-Uruakpa
A099 075 466

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
>       ROBERT A. KATZMANN,
>       BARRINGTON D. PARKER,
>       GERARD E. LYNCH,
>               *Circuit Judges.*

_____

YU XIAN WENG,
>       *Petitioner*,

> v.

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,*
>       *Respondent*.

08-2156-ag
09-1122-ag
NAC

_____

FOR PETITIONER:        Theodore N. Cox, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Alison Marie Igoe, Senior

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in docket number 08-2156-ag.

Litigation Counsel; Anthony P. Nicastro, Senior Litigation Counsel; Edward J. Duffy, Trial Attorney; Jeffrey R. Leist, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

In docket number 08-2156-ag, Petitioner Yu Xian Weng, a native and citizen of the People's Republic of China, seeks review of an April 14, 2008 order of the BIA, affirming the May 31, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Xian Weng*, No. A099 075 466 (B.I.A. Apr. 14, 2008), *aff'g* No. A099 075 466 (Immig. Ct. N.Y. City May 31, 2006). In docket number 09-1122-ag, Weng seeks review of a February 25, 2009 decision of the BIA, denying her motion to reopen. *In re Yu Xian Weng*, No. A099 075 466 (B.I.A. Feb. 25, 2009). The petitions for review are consolidated for purposes of this order. We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

I.  Docket Number 08-2156-ag

We review the BIA's factual findings under the substantial evidence standard.  *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  In this case, the agency reasonably found that Weng failed to establish a well-founded fear of forced sterilization on account of the birth of her U.S. citizen children.

Weng argues that the agency erred in relying on its precedential decision in *Matter of J-W-S-*, 24 I. & N. Dec. 185 (B.I.A. 2007) to incorporate into the record the U.S. Department of State's 2007 report, China: Profile of Asylum Claims and Country Conditions ("2007 Profile") and to find that she did not establish a well-founded fear of forced sterilization.  This Court, however, has found that the BIA's decision in *Matter of J-W-S-* was supported by substantial evidence.  *See Jian Hui Shao*, 546 F.3d at 162-66.  Nor did the BIA improperly incorporate the 2007 Profile into the record of Weng's case.  *See id.* at 166-68.

We have previously reviewed the agency's analysis of country conditions evidence similar to that which Weng

3

submitted in support of her application and have concluded that the agency does not err in finding that such evidence does not demonstrate a well-founded fear of persecution. *See id.* at 158-73. Moreover, contrary to Weng's argument, the BIA did not err in finding that letters from her family and friend failed to demonstrate that she has an objectively reasonable fear of forced sterilization based on the birth of her U.S. citizen children because those letters did not reference the treatment of individuals similarly situated to Weng, *i.e.,* Chinese nationals returning to China with U.S.-citizen children. *See id.* at 160-61. Accordingly, because the agency did not err in finding that Weng failed to demonstrate a well-founded fear of persecution on account of the birth of her U.S. citizen children, the agency reasonably denied her applications for asylum, withholding of removal, and CAT relief based on that claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

II. Docket Number 09-1122-ag

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Weng's motion to reopen filed on August 13, 2008 was untimely

4

because the BIA issued a final order of removal on April 14, 2008. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). Although ineffective assistance of counsel may provide a basis for equitable tolling of the filing deadline, *Iavorski v. INS*, 232 F.3d 124, 126-27 (2d Cir. 2000), contrary to Weng's argument, the BIA did not abuse its discretion in declining to equitably toll the time period for filing her motion to reopen based on the purportedly ineffective assistance of her former counsel.

In order to warrant equitable tolling based on the ineffective assistance of counsel, a movant must, as an initial matter, "demonstrate (1) 'that competent counsel would have acted otherwise,' and (2) that [she was] 'prejudiced by . . . counsel's performance.'" *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006) (quoting *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994)). In her motion to reopen, Weng argued that her former counsel was ineffective because he "failed to submit Chinese Family Planning Policy background information." However, as the BIA found, Weng's

5

former counsel submitted substantial background evidence in support of her application for relief, including two U.S. Department of State reports, a media report regarding China's family planning policy, and an excerpt from the Fujian Province family planning regulations. In addition, the BIA reasonably noted that Weng's former counsel had submitted her "household registration booklet, her medical records, evidence of the birth of her children in the United States, statements from relatives and a friend in China, and other evidence specific to her asylum claim." Thus, the BIA reasonably found that the requirements for equitable tolling were not met because her former counsel's performance was not deficient. *See Cekic*, 435 F.3d at 170-71.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, the pending motion for a stay of removal in these petitions is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

6